1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID YANCY CARINO,                     No.  2:22-cv-1727 CKD P

12                      Plaintiff,

13          v.                                ORDER

14    JUSTIN HEATH, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil action.  This proceeding was

18    referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

20    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

21    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

22    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

23    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

24    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

25    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

26    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

27    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

28    /////

                                              1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Having conducted the required screening, the court finds that plaintiff may proceed on claims for excessive force arising under the Eighth Amendment against defendants Heath, Villanueva, Houston and Noriega.  In all other respects, the complaint fails to state a claim upon which relief can be granted.  At this point, plaintiff has two options:  1) proceed on the claims identified above; or 2) attempt to cure the deficiencies in an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's Constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In his complaint, plaintiff complains about falsification of documents, but does not indicate how that violates his Constitutional rights.

Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

/////

2

1     3.  Plaintiff is granted 21 days within which to complete and return the attached form

2  notifying the court whether he wants to proceed on the claims described in this order or whether

3  he wishes to file an amended complaint in an attempt to cure the deficiencies in his original

4  complaint.  If plaintiff does not return the form, this action will proceed on the claims described

5  above.

6  Dated:  October 11, 2022

7  _____
   CAROLYN K. DELANEY

8  UNITED STATES MAGISTRATE JUDGE

9

10

11  1/hh
    brow1001.op

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID YANCY CARINO,                        No.  2:22-cv-1727 CKD P

12                 Plaintiff,

13          v.                                   PLAINTIFF'S NOTICE OF

14    JUSTIN HEATH, et al.,                      HOW TO PROCEED

15                 Defendants.

16

17

18    **Check one**:

19    _____ Plaintiff wants to proceed immediately on excessive force claims arising under the Eighth

20    Amendment against defendants Heath, Villanueva, Houston and Noriega.

21    _____ Plaintiff wants time to file an amended complaint.

22    DATED:

23

24

25                                          Plaintiff's Signature

26

27

28
                                              4